**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch
Arizona Bar No. 016473
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email:  nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson *(Application Pro Hac Vice* forthcoming*)*
Texas Bar No. 24045189
Email: austin@a2xlaw.com
Clif Alexander *(Application Pro Hac Vice* forthcoming*)*
Texas Bar No. 24064805
Email: clif@a2xlaw.com
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

Attorneys for Plaintiff Daily
and Putative Class Members

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RAYMUNDO JAMES DAILY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS PACT 3, LLC d/b/a RILIBERTO'S,<br>A Domestic Limited Liability Company,<br><br>Defendant. | No._____<br><br>COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Raymundo James Daily brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Compass Pact 3, LLC d/b/a Riliberto's (hereinafter "Defendant" or "Riliberto's") anywhere in the United States, at any time during the last three years through the final disposition of this matter seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

Plaintiff Daily's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff Daily's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Riliberto's at its restaurants throughout the United States within the last three years and have not been paid any overtime in violation of federal law.

3. Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Riliberto's not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

2

5. Riliberto's knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

7. Riliberto's knowingly and deliberately misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime compensation.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff Daily prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

**II.**
**THE PARTIES**

10. Plaintiff Raymundo James Daily ("Daily") was employed by Riliberto's during the relevant time period. Plaintiff Daily did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The Putative Class Members are those current and former Managers who were employed by Riliberto's, anywhere in the United States, at any time from January 14, 2019

---

[1] The written consent of Raymundo James Daily is hereby attached as Exhibit "A."

3

through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Daily worked and was paid.

12. Defendant Compass Pact 3, LLC d/b/a Riliberto's is a domestic limited liability company licensed to do business in the state of Arizona. Riliberto's may be served through its registered agent for service of process: **Waterfall Service Agent LLC, 5210 E. Williams Circle Suite 800, Tucson, Arizona 85711.**

### III.
### JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. § 201-219.

14. This Court has personal jurisdiction over Riliberto's because the cause of action arose within this District as a result of Riliberto's conduct within this District.

15. Venue is proper in the District of Arizona because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Riliberto's corporate headquarters is located in Tucson, Arizona and Plaintiff Daily performed work for Riliberto's in Tucson, Arizona all of which is located within this District and Division.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV.
### ADDITIONAL FACTS

18. Riliberto's operates several Mexican themed restaurants throughout Arizona.[2]

---

[2] http://www.rilibertos.com/.

4

19. To provide its services, Riliberto's employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative class.

20. Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Riliberto's resulting in the complained of FLSA violations.

21. Plaintiff Daily was employed as a Manager by Riliberto's in Tucson, Arizona from approximately April 2021 until June 2021.

22. Shortly after being promoted to manager, Plaintiff Daily complained to his manager that employee time records had been tampered with and several employees' accrued overtime hours had been deleted and not paid.

23. Plaintiff Daily's manager informed Plaintiff Daily to not talk about the missing overtime and to ignore employee complaints about it.

24. Plaintiff Daily informed his manager that not paying overtime and deleting the records was a violation of federal law.

25. Plaintiff Daily was demoted after he continued to bring up the missing overtime.

26. When informed of his demotion, Plaintiff Daily informed his manager he was going to file a complaint with the Department of Labor ("DOL").

27. Riliberto's terminated Plaintiff Daily shortly after he informed his manager he was going to talk to the DOL.

28. Plaintiff and the Putative Class Members' job duties consisted of overseeing their stores and watching its employees.

5

29. Plaintiff and the Putative Class Members worked long hours—specifically, Plaintiff and the Putative Class Members frequently worked in excess of forty (40) hours each week.

30. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over 40 each week.

31. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

32. Riliberto's denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

33. Specifically, although Riliberto's classified Plaintiff and the Putative Class Members as exempt, Riliberto's paid them a salary that was less than $684.00 per week. *See* 29 C.F.R. § 541.

34. Because Plaintiff and the Putative Class Members were not paid a salary of at least $684.00 per week they did not qualify as overtime exempt employees under the FLSA.[3]

35. Riliberto's applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were not paid the minimum salary basis to qualify as exempt from overtime under the FLSA.

36. Riliberto's failure to pay Plaintiff and the Putative Class Members overtime compensation for all hours worked in excess of forty (40) hours each workweek violated (and continues to violate) the FLSA.

---

[3] https://www.dol.gov/agencies/whd/fact-sheets/17g-overtime-salary.

6

37. Riliberto's knew or should have known that its failure to pay overtime compensation to Plaintiff and the Putative Class Members was (and is) in violation of the FLSA.

38. Because Riliberto's did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Riliberto's pay policies and practices willfully violate the FLSA.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging Violations of the FLSA)**

A.  **FLSA COVERAGE**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The FLSA Collective is defined as:

**ALL MANAGERS WHO WERE EMPLOYED BY RILIBERTO'S, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 14, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

41. At all times hereinafter mentioned, Riliberto's has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. At all times hereinafter mentioned, Riliberto's has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

43. At all times hereinafter mentioned, Riliberto's has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

44. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Riliberto's, these individuals provided services for Riliberto's that involved interstate commerce for purposes of the FLSA.

45. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

46. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Riliberto's who assisted customers throughout the United States. 29 U.S.C. § 203(j).

47. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

48. In violating the FLSA, Riliberto's acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

49. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 40.

50. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Riliberto's.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

51. All previous paragraphs are incorporated as though fully set forth herein.

52. Riliberto's violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

53. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Riliberto's acts or omissions as described herein; though Riliberto's is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

54. Moreover, Riliberto's knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff Daily and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

55. Riliberto's knew or should have known their pay practices were in violation of the FLSA.

56. Riliberto's is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

57. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Riliberto's to pay overtime in accordance with the law.

58. The decision and practice by Riliberto's to not pay overtime was neither reasonable nor in good faith.

59. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **FLSA COLLECTIVE ACTION ALLEGATIONS**

60. All previous paragraphs are incorporated as though fully set forth herein.

61. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

62. Other similarly situated employees have been victimized by Riliberto's patterns, practices, and policies, which are in willful violation of the FLSA.

63. The FLSA Collective Members are defined in Paragraph 40.

64. Riliberto's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

65. Thus, Plaintiff Daily's experiences are typical of the experiences of the FLSA Collective Members.

66. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

67. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

68. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

69. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Riliberto's will retain the proceeds of its rampant violations.

70. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

71. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 40 and notice should be promptly sent.

## COUNT TWO
## RETALIATION – 29 USC § 215(a)(3)

72. At all times relevant to this lawsuit, Plaintiff Daily has been entitled to the rights, protections and benefits provide by the FLSA, 29 U.S.C. §§ 201, *et seq.*, because he was an employee of Riliberto's.

73. Specifically, Plaintiff Daily engaged in protected activity when he informed his manager of the illegal activity going on at Riliberto's and when he informed Riliberto's he was going to complain to the DOL about Riliberto's actions.

74. Section 18(c) of the FLSA, 29 U.S.C. § 218c(a)(2)–(5), makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee" because

11

such employee: is about to provide information relating to an act the employee believes to be a violation of the FLSA to the federal government, is about to assist or participate in an action regarding the perceived FLSA violation, or objected to or refused to participate in a task the employee believed to be in violation of the FLSA.

75. Plaintiff Daily was fired, in violation of 29 U.S.C. § 218c(a)(2)–(5), as retaliation for asserting his rights under the FLSA

76. Specifically, on June 6, 2021, Plaintiff Daily was fired because he refused to participate in Riliberto's illegal time shaving activity, continued to complain about Riliberto's illegal actions, and informed Riliberto's he planned to go to the DOL about Riliberto's illegal activity.

77. Riliberto's knowingly, willfully, wantonly, and/or with reckless disregard carried out its retaliation against Plaintiff Daily in violation of 29 U.S.C. § 218c(a)(2)–(5).

## VI.
## RELIEF SOUGHT

78. Plaintiff respectfully prays for judgment against Riliberto's as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 40 and requiring Riliberto's to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding Riliberto's liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding the costs and expenses of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

g. For an Order awarding Plaintiff Daily a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of Riliberto's, at Riliberto's own expense;

i. For an Order providing for injunctive relief prohibiting Riliberto's from engaging in future violations of the FLSA, and requiring Riliberto's to comply with such laws going forward; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 14th day of January, 2022.

LUBIN & ENOCH, P.C.
ANDERSON ALEXANDER, PLLC

By: /s/ Nicholas J. Enoch
Nicholas J. Enoch

*Attorneys for Plaintiff and the Putative Class Members*

13

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all questions raised by the foregoing complaint.

DATED this 14th day of January 2022.

                              LUBIN & ENOCH, P.C.
                              ANDERSON ALEXANDER, PLLC

                              By: */s/ Nicholas J. Enoch*
                              Nicholas J. Enoch

                              Attorneys for Plaintiff and the Putative Class Members

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January 2022, I electronically transmitted the attached Complaint and Jury Demand to the Clerk's Office using the ECF System for filing.

                              */s/ Nicholas J. Enoch*
                              Nicholas J. Enoch